The Honorable Willard Proctor Jr. Circuit Judge, 6th District, 5th Division 401 W. Markham, Room 410 Little Rock, AR 72201
Dear Judge Proctor:
I am writing in response to your request for my opinion on a question you report as arising from the following facts:
 My court reporter has been asked to prepare a transcript in a criminal case that has been sealed and expunged. In this particular case, the individual requesting the transcript is the alleged victim. The case was nolle prossed by the state and sealed by our court.
 Presently, there is not unanimity of opinions among the circuit courts as to how this should be handled. Some court reporters do not release the transcripts while other[s] do.
The confusion regarding this issue has prompted you to pose the following question:
 May a court reporter prepare a transcript for a private citizen in a criminal case where the record has been sealed or expunged?
RESPONSE
In my opinion, when a record has been sealed according to statute, including when a case has been nolle prossed, a court reporter should not produce a transcript to any private citizen other than the individual for whom the record has been sealed. Under the facts as you have recited them, that individual would be the defendant, not the alleged victim. Under the stringent standard for sealing judicial records without specific statutory authority to do so, a court would need to determine based upon the contents of the transcript whether to authorize its release.
Section 16-90-906 of the Code (Supp. 2001) provides:
 Any individual who has been charged and arrested for any criminal offense where the charges are subsequently nolle prossed or dismissed, or the individual is acquitted at trial is eligible to have all arrest records, petitions, orders, docket sheets, and any other documents relating to the case expunged in accordance with the procedures defined by this subchapter and upon entry of an order of expungement may state that no such charges, arrest, and the resulting trial ever occurred.
As one of my predecessors noted in Ark. Op. Att'y Gen. No. 97-241:
 It is clear that an individual who was charged and arrested for a criminal offense, where the charges were subsequently nolle prossed, is eligible under Act 738 to have his criminal records sealed in accordance with A.C.A. § 16-90-901 et seq.
I assume from your question that the referenced procedure for the filing of a uniform petition and order to seal records has been observed in this case. See A.C.A. §§ 16-90-904 and -905. As a general proposition, when an expunged record has been properly sealed, I believe it would clearly be inappropriate for a court reporter automatically to prepare and release upon request a transcript of court proceedings, since the transcript, even though physically produced after the order to seal records issued, would clearly fall within the category of sealed "documents relating to the case" as that term is used in A.C.A. § 16-90-906. Subsection 16-90-903(a) of the Code provides for the disclosure of records sealed pursuant to statute only under the following narrow circumstances:
 (a) The custodian of the records shall not disclose the existence of such records or release such records except when requested by:
 (1) The individual whose records were sealed or the individual's attorney, authorized in writing by the individual;
 (2) A criminal justice agency, as defined in § 12-12-1001, and the request is accompanied by a statement that the request is being made in conjunction with an application for employment with such agency by the individual whose record has been sealed;
 (3) A court, upon a showing of a subsequent adjudication of guilt of the individual whose record has been sealed;
 (4) A prosecuting attorney, and such request is accompanied by a statement that the request is being made in conjunction with the prosecution of an offense;
(5) The Arkansas Crime Information Center.
Under the facts as you have recited them, I believe "the individual whose records were sealed" was clearly the defendant, not the alleged victim of the crime. Accordingly, I believe it would be inappropriate for your court reporter to provide the alleged victim with a transcript of the proceedings.
Given the general range of your question, I should further note that courts have discretion under appropriate circumstances to seal records even if there has been no statutory expungement. However, the Arkansas Supreme Court has clearly stated that it will strictly review any effort to deny the public access to court business by sealing the record. InArkansas Best Corporation v. General Electric Capital Corporation,317 Ark. 238, 245-46, 878 S.W.2d 708 (1994), the court remarked as follows:
 A trial court's discretion to invoke inherent authority denying access to judicial documents must be balanced against the strong presumption in favor of access, but in our view, entrance to a trial court's discretion to secret its actions must lie beyond a formidable barrier.
 In the Hardy case[1] we noted several statutes which provide for closing judicial proceedings under certain circumstances. See, e.g., Ark. Code Ann. 4-75-605 (Repl. 1991) (suits involving trade secrets); Ark. Code Ann. 9-9-217 (Repl. 1993) (adoption proceedings records shall be closed, only to be open as provided by law or for good cause); Ark. Code Ann. 9-27-325 (Repl. 1993) (juvenile proceedings); Ark. Code Ann. 16-13-318 (1987) (domestic relation cases). In addition, Ark. R. Sup. Ct. 6-3 allows for anonymity in certain appellate proceedings, and as discussed above, Ark. R. Civ. P. 26(c) allows a trial court to enter protective orders related to discovery requests. These statutes and rules provide a range of subjects in which a trial court can seal judicial documents or proceedings. The range is similar to the limitations of access to judicial proceedings in other jurisdictions.
 In Holland v. Eads, supra,[2] the Alabama Supreme Court, noting an absence of similar rules and statutes in that State, created a guideline for sealing court records. It held that a trial court can only seal court records upon a written finding that clear and convincing evidence indicates the document sought to be sealed (1) contains a trade secret, (2) is a matter of national security, (3) promotes scandal or defamation, (4) pertains wholly to private family matters, such as divorce, (5) poses a serious threat of harassment, exploitation or other harm to the parties to the actions, or (6) poses the potential for harm to third persons not parties to the litigation.
Although the court stopped short of adopting the Holland factors as Arkansas law, it did declare "that, beyond the instances described in the statutes or rules, the `inherent' authority of a trial court to seal court records must be very limited in view of the strong common law right of access."
317 Ark. at 457. The court further noted:
 We do not close the door to the possibility of sealing court records in instances other than those provided by statute or rule of court. We do, however, suggest that we will look long and hard at any other sealing, and we require a trial court entering such an order to spell out in some detail the reasons for sealing the record.
Id. at 247-48. See also Hardy, 316 Ark. at 123 ("The inherent authority to seal parts of court files is tempered by the requirements that a request for sealing part of a file must be particularized, that there must be some good cause for sealing part of a file, such as a trade secret, and that it should be in effect for only so long as is necessary to protect the specified interest."). In my opinion, the court would apply this stringent standard in reviewing any decision to seal a record, including any transcript of trial proceedings, without direct statutory authority to do so.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] Arkansas Dep't of Human Services v. Hardy, 316 Ark. 119,871 S.W.2d 352 (1994).
[2] Holland v. Eads, 614 So.2d 1012 (Ala. 1993).